IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

DELAEANMUS M. BRADLEY and       :
ENISHIA BRADLEY,                :        CIVIL ACTION NO. **1:CV-10-2299**
                                :
            Plaintiffs          :        (Judge Conner)
                                :
        v.                      :        (Magistrate Judge Blewitt)
                                :
FAMILY DOLLAR, INC., et al.,    :
                                :
            Defendants          :

-------------------------------------------------------------------------------------------------------

DELAEANMUS M. BRADLEY and       :
ENISHIA BRADLEY,                :        CIVIL ACTION NO. **1:CV-10-2300**
                                :
            Plaintiffs          :        (Judge Conner)
                                :
        v.                      :        (Magistrate Judge Blewitt)
                                :
FAMILY DOLLAR, INC., et al.,    :
                                :
            Defendants          :

**REPORT AND RECOMMENDATION**

**I. Background.**

  *A. Civil Action No. 1:CV-10-2299*

  On November 5, 2010, the *pro se* Plaintiffs, Deleanmus M. Bradley and her daughter

Enishia Bradley, who reside in York, Pennsylvania, filed a Complaint styled as a "Civil Rights"

Complaint, seemingly pursuant to 42 U.S.C. §1983. Plaintiffs name as Defendants Family Dollar,

Inc., located in York, Pennsylvania, and four of its employees, namely, Jenny Goodin, "Robert"

Doe,[1] Rasheeda Bailey, and Jessica Mercado.   Plaintiffs allege that on an unspecified date[2], they entered the Family Dollar Store in York, Pennsylvania, and were told that they could not come into the store due to a prior incident in which they were involved.  However, Plaintiffs state that the prior incident did not occur at and did not concern the Family Dollar store.  Plaintiffs state that the prior unspecified incident resulted in a court proceeding against them but that no charges "were held over [against them] and that there was no "conviction adjudicated [against them] regarding the court matter which hung over [Plaintiffs]."  (Doc. 1, p. 2).   Plaintiffs allege that they were discriminated against by the employees of the Family Dollar Store, based on the prior incident, and that Defendant Mercado stated to them, in front of everyone else in the store,  that the directive barring them from coming into the store came from corporate.  (*Id*.).  Plaintiffs aver that this "was embarrassing and oppressively cruel to feel when such harsh words were related to [them]."  (*Id*.).

Plaintiffs further aver that Defendant Mercado told them that the store managers, namely, Defendants Jenny Goodin, Robert Doe and Rasheeda Bailey, as well as the Family Dollar Corporation, made the statement that they could no longer go into the store.  Plaintiffs allege that this amounted to discrimination against them as well as defamation of character "involved by profiling us in such a real hurtful ... way."  (*Id*.).  Plaintiffs also aver that "initiating false accusations

---

[1]No last name is stated for Defendant "Robert" so we refer to him as Robert Doe.   Also, Plaintiffs name Robert Doe as a Defendant in their Civil No. 10-2300 case, which is almost identical to their Civil No. 10-2299 case.

[2]We note that Plaintiffs date their Complaint filed in Civil No. 10-2299 on October 5, 2010.  Thus, we construe Plaintiffs as alleging that the events in the stated action occurred either on or before October 5, 2010.

and lying on us as the manager Jenny Goodin and Rasheeda Bailey did concerning this whole matter [was] cruel and unusual punishment, mental cruelty, and anguish, defamation of our character and classifying us without just cause." (*Id.*). Plaintiffs conclude that they filed this action against Defendants "for the cruelty administered by them." (*Id.*).

Plaintiffs aver that as a result of Defendants' conduct, they suffered mental anguish, painful headaches and unspecified stress related complications. (*Id.*).

As relief, Plaintiffs request compensatory and punitive damages from Defendants "outside the range of 1 million dollars." (*Id.*, p. 4). As noted above, Plaintiffs dated their Complaint on October 5, 2010.

Plaintiff Deleanmus Bradley filed a Motion to proceed *in forma pauperis*. (Doc. 2). Only Plaintiff Deleanmus Bradley signed the *in forma pauperis* motion. Plaintiff Enishia Bradley did not sign the *in forma pauperis* motion, and she did not file her own *in forma pauperis* motion.[3] The Court has not yet granted Plaintiff Deleanmus Bradley's Motion for Leave to Proceed *in forma pauperis,* and it has not yet directed service of the Plaintiffs' Complaint on the named Defendants.

Civil Action 1:CV-10-2299 was referred to the undersigned for purposes of pre-trial management.

---

[3]Enishia Bradley jointly signed the Plaintiffs' *in forma pauperis* motion in case #10-2300.

*B. Civil Action No. 1:CV-10-2300*

On November 5, 2010, the *pro se* Plaintiffs, Deleanmus M. Bradley and her daughter Enishia Bradley, who reside in York, Pennsylvania, filed a second Complaint, nearly identical to their No. 10-2299 Complaint, styled only as a "Civil Complaint," which was docketed as a civil rights action pursuant to 42 U.S.C. §1983. (Doc. 1). Plaintiffs name as Defendants Family Dollar, Inc., located in York, Pennsylvania, and four of its employees, namely, Ron Wrin, district manager,[4] Rasheeda Bailey, assistant manager, Robert Doe, assistant manager or manager, and Jessica Mercado, cashier. Plaintiffs allege that "on and before October 18, 2010",[5] they entered the Family Dollar Store in York, Pennsylvania, as they had on a few occasions in the past. Plaintiffs aver that that they were told, with store patrons passing by, by assistant manager Bailey, that neither they nor their family could come into the store due to a prior incident. Specifically, Plaintiffs state that the reason given to them "was because of an incident concerning the courts with my husband who was accused of a crime that did not involve the Family Dollar [Store] at all except for the police inquiring if they had seen me [Deleanmus Bradley] or my husband together at certain times which was the end of the inquiry and had nothing to do with Family Dollar [Store]." (*Id.*, p. 2). Plaintiffs state that

---

[4]Plaintiffs named Wrin as a party Defendant in case #10-2300, and they named Jenny Goodin as a party Defendant in case #10-2299. The other four Defendants in both cases are identical. Also, Plaintiffs did not state the position Defendants held with the Family Dollar Store in case #10-2299.

[5]As noted above, Plaintiffs did not specify a date in their Complaint filed in Civil No. 10-2299, but they dated that Complaint on October 5, 2010. Thus, we have construed Plaintiffs as alleging that the events in Civil No. 10-2299 occurred either on or before October 5, 2010. We also note that Plaintiffs dated their Complaint filed in Civil No. 10-2300 on October 20, 2010.

they felt "ashamed and embarrassed" since the explanation was given to them in the presence of other store patrons.[6]

Plaintiffs allege that the conduct by Defendants amounted to discrimination against them since "there has been no charges placed against me [Deleanmus Bradley] in the matter with my husband as well neither with my daughter [Enishia Bradley] who was with me when this occurred." (*Id*.). Plaintiffs aver that Defendants' conduct violated their constitutional rights and that Defendants' conduct amounted to "cruel and unusual punishment and mental anguish as well [as] defamation of character, oppression and malicious assault all rolled up into one ... ." (*Id*.).

Plaintiff Deleanmus Bradley alleges that as a result of the October 18, 2010 incident, she is feeling anguish and she has not slept, and that she does "not [want] to even show [her] face around this town based on the conversations people may be having about [her] when they may have heard the harsh and cruel words that came out of the [Defendant] cashiers (sic) mouth as well the Assistant Manager Rasheeda Bailey's mouth as well." (*Id*., p. 3).

Plaintiff Deleanmus Bradley avers that her daughter Enishia has been crying and has not been out since the incident.

With respect to Defendant Wrin, Plaintiff Deleanmus Bradley avers that "it was told to us that Ron Wrin had told them [*i.e.* the other individual Defendants] if anyone of us [*i.e.* the

---

[6]While both Plaintiffs signed the Civil No. 10-2300 Complaint, the statement of claim is written in the singular person ("I"), seemingly referring to Deleanmus Bradley. In any event, we construe the allegations as being applicable to both Plaintiffs.

We also note that despite Plaintiffs' allegations in their No. 10-2299 Complaint that Defendants subjected them to cruelty and mental anguish, they nonetheless returned to the Family Dollar Store about two weeks after the initial incident.

Bradleys] was to come to the store [*i.e.* the Family Dollar Store] that they should bar us out no matter what ... ." Plaintiff Deleanmus Bradley also avers that it was told to them (Plaintiffs) that Defendant Wrin did not want them in the store "because [they ] represented a negative approach on the store, being that [they] would service a family who family member is in prison concerning a crime such as her husband ... " Plaintiff Deleanmus Bradley states that "this is purely discrimination, my husband has not been convicted of any crime, and any way what does he have to do with us shopping he was not there!" (*Id*.).

As relief, Plaintiffs request compensatory and punitive damages from Defendants and that Defendants also be ordered to pay their medical expenses "from the visits to the psychological physicians" they "**will see**" concerning the pain and suffering they "feel as being called outcasts by [Defendant employees of Family Dollar]" at the direction of Defendant Wrin. (*Id*., p. 4) (emphasis added). As noted above, Plaintiffs dated their case #10-2300 Complaint on October 20, 2010.

Both Plaintiffs jointly filed a Motion to proceed *in forma pauperis*. (Doc. 2). Both Plaintiffs signed the *in forma pauperis* motion in case #10-2300, unlike the *in forma pauperis* motion filed in case #10-2299.[7]

The Court has not yet granted Plaintiffs ' Motion for Leave to Proceed *in forma pauperis,* and it has not yet directed service of the Plaintiffs' Complaint on the named Defendants.

---

[7]As indicated above, Plaintiff Enishia Bradley did not jointly sign the *in forma pauperis* motion in case #10-2299, and she did not file her own *in forma pauperis* motion in that case. Regardless, since we are recommending that Plaintiffs' two cases be consolidated and since Enishia Bradley jointly signed the *in forma pauperis* motion in case #10-2300, we will not direct Enishia Bradley to file her own *in forma pauperis* motion in case #10-2299.

Civil Action 1:CV-10-2300 was referred to the undersigned for purposes of pre-trial management.

## II. Screening Plaintiffs' Complaints.

As stated, Plaintiffs filed applications to proceed *in forma pauperis* in both of their cases. Since Plaintiffs filed Motions to Proceed *in forma pauperis* showing that they are indigent, we are obliged to screen Plaintiffs' pleadings under 28 U.S.C. §1915(e). As the Court stated in *O'Connell v. Sobina*, 2008 WL 144199, *3 (W.D. Pa.), "Section 1915(e) (as amended) requires the federal courts to review complaints filed by persons that are proceeding *in forma pauperis* and to dismiss, at any time, any action that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a Defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)."

In *Palencar v. Cobler Realty Advisors*, Civil No. 09-0325, M.D. Pa., 7-24-09 slip op. pp. 5-6, the Court stated:

> Once it has been decided that a plaintiff should be accorded *in forma pauperis* status, the court then considers whether the complaint may be dismissed under 28 U.S.C. § 1915(e)(2)(B). *Douris v. Huff*, 2008 U.S. App. LEXIS 467, 469 (3d Cir. 2007); *see also Douris v. Newtown Borough, Inc.* 207 Fed.Appx. 242 (3d Cir. 2006). Section 1915(e)(2) provides:
>
> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that --
>     (A) the allegation of poverty is untrue; or
>     (B) the action or appeal  - -
>         (i)      is frivolous or malicious;
>         (ii)     fails to state a claim on which relief may be granted; or
>         (iii)    seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2). This statute "is designed largely to discourage the filing of, and waste of, judicial and private resources upon baseless lawsuits that paying litigants generally do not initiate because of the costs of bringing suit and because of the threat of sanctions for bringing vexatious suits under Federal Rule of Civil Procedure 11." *Neitzke v. Williams*, 490 U.S. 319, 327, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989) (stating that "[dismissals on these grounds are often made sua sponte prior to the issuance of process, so as to spare prospective defendants the inconvenience and expense of answering [frivolous] complaints"). While the original statute permitted sua sponte dismissal only if an action was frivolous or malicious, Congress included failure to state a claim and seeking monetary relief from a defendant immune from suit as additional grounds for sua sponte dismissal of *in forma pauperis* cases. *Jones v. Bock*, 127 S.Ct. 910, 920, 166 L.Ed.2d 798 (2007); § 1915(e)(2)(B) (2000 ed.); 28 U.S.C. § 1915(d)( (1994 ed.).

Thus, § 1915(e) obligates the Court to engage in a screening process when a person wishes to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. Despite the fact that Plaintiffs are not inmates complaining about prison conditions, § 1915(e)(2) applies to all *in forma pauperis* complaints, and not just to prisoners. *See Grayson v. Mayview State Hosp.*, 293 F3d 103, 110, n. 10 (3d Cir. 2002); *Lopez v. Smith*, 203 F. 3d 1122, 1129 (9th Cir. 2000); *Williams v. Marino,* Civil No. 03-0632, M.D. Pa. January 12, 2004, Memorandum and Order, p. 4; *Jacobowitz v. M&T Mortgage Corporation*, Civil No. 09-1332, M.D. Pa., aff'd. 372 Fed. Appx. 225 (3d Cir. 3-24-10).

## III. Section 1983 Standard.

In a § 1983 civil rights action, the Plaintiff must prove the following two essential elements: (1) that the conduct complained of was committed by a person acting under color of state law; and (2) that the conduct complained of deprived the Plaintiff of rights, privileges or immunities secured by the law or the Constitution of the United States. *Parratt v. Taylor*, 451 U.S. 527 (1981); *Kost v. Kozakiewicz*, 1 F. 3d 176, 184 (3d Cir. 1993). Further, Section 1983 is not a

source of substantive rights. Rather, it is a means to redress violations of federal law by state actors. *Gonzaga Univ. v. Doe*, 536 U.S. 273, 284-85 (2002).[8] *See also Holocheck v. Luzerne County Head Start, Inc.*, 385 F. Supp. 2d 491, 498-499 (M. D. Pa. 2005); *Slater v. Susquehanna County*, 613 F. Supp. 2d 653, 660 (M.D. Pa. 2009) (citations omitted); *Stankowski v. Farley*, 487 F. Supp. 2d 543, 550 (M.D. Pa. 2007) ("only those who act under color of state law are liable to suit under section 1983.").

"In order to satisfy the second prong [of a §1983 civil rights action], a Defendant does not have to be a state official, but can also be held liable as a state actor." *Slater v. Susquehanna County*, 613 F. Supp. 2d at 660(citations omitted).

It is well established that personal liability under section 1983 cannot be imposed upon a state official based on a theory of *respondeat superior*. *See, e.g., Rizzo v. Goode*, 423 U.S. 362 (1976); *Hampton v. Holmesburg Prison Officials*, 1546 F.2d 1077, 1082 (3d Cir. 1976); *Parratt, supra*. It is also well settled in the Third Circuit that personal involvement of defendants in alleged constitutional deprivations is a requirement in a § 1983 case and that a complaint must allege such personal involvement. *Id.* Each named defendant must be shown, through the complaint's allegations, to have been personally involved in the events or occurrences upon which Plaintiff's claims are based. *Id.* As the Court stated in *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1998):

---

[8]Plaintiffs do not allege in either of their pleadings that the actions of the employees of Family Dollar were taken under color of state law. Nor do Plaintiffs allege that Family Dollar was a state agency.

> A defendant in a civil rights action must have personal involvement
> in the alleged wrongs . . . . [P]ersonal involvement can be shown
> through allegations of personal direction or of actual knowledge and
> acquiescence. Allegations of participation or actual knowledge
> and acquiescence, however, must be made with appropriate
> particularity. (Citations omitted).

A civil rights complaint must state time, place, and responsible persons. *Id.* Courts have also held that an allegation seeking to impose liability on a defendant based on supervisory status, without more, will not subject the official to section 1983 liability. *See Rode,* 845 F.2d at 1208.[9]

## IV. Motion to Dismiss Standard.

The Court in *Williams v. Hull,* 2009 WL 1586832, *2-*3 (W.D. Pa. 2009), set forth the Motion to Dismiss standard of review, as annunciated by the Supreme Court in *Bell Atlantic Corp. v. Twombly*, 550 U.S. –, 127 S. Ct. 1955 (2007), and as refined in *Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009), as follows:

> The issue is not whether the plaintiff will prevail at the end but only whether
> he should be entitled to offer evidence to support his claim. *Neitzke; Scheuer
> v. Rhodes*, 419 U.S. 232 (1974). A complaint must be dismissed pursuant to
> Rule 12(b)(6) if it does not allege "enough facts to state a claim to relief that
> is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570,
> 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007) (rejecting the traditional 12(b)(6)
> standard set forth in *Conley v. Gibson*, 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80
> (1957)). See also *Ashcroft v. Iqbal*, --- U.S. ----, ----, 129 S.Ct. 1937, ----, ---
> L.Ed.2d ----, ----, 2009 WL 1361536 (May 18, 2009) (specifically applying
> *Twombly* analysis beyond the context of the Sherman Act). The court must
> accept as true all allegations of the complaint and all reasonable factual
> inferences must be viewed in the light most favorable to plaintiff. *Angelastro
> v. Prudential-Bache Securities, Inc.*, 764 F.2d 939, 944 (3d Cir.1985). The

---

[9]As stated above, it is well settled that personal liability under §1983 cannot be imposed upon a state official based on a theory of *respondeat superior*. *See Ascenzi v. Diaz,* 2007 WL 1031516, *3 (M.D. Pa.)("supervisory personnel are only liable for the § 1983 violations of their subordinates if they knew of, participated in or acquiesced in such conduct")(citations omitted).

Court, however, need not accept inferences drawn by plaintiff if they are unsupported by the facts as set forth in the complaint. See *California Pub. Employee Ret. Sys. v. The Chubb Corp.*, 394 F.3d 126, 143 (3d Cir.2004) citing *Morse v. Lower Merion School Dist.*, 132 F.3d 902, 906 (3d Cir.1997). Nor must the court accept legal conclusions set forth as factual allegations. *Twombly*, 550 U.S. at 556, citing *Papasan v. Allain*, 478 U.S. 265, 286, 106 S.Ct. 2932, 92 L.Ed.2d 209 (1986). "Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 556. Although the United States Supreme Court does "not require heightened fact pleading of specifics, [the Court does require] enough facts to state a claim to relief that is plausible on its face." *Id.* at 570.

In other words, at the motion to dismiss stage, a plaintiff is "required to make a 'showing' rather than a blanket assertion of an entitlement to relief." *Smith v. Sullivan*, 2008 WL 482469, at *1 (D.Del. February 22, 2008) quoting *Phillips v. County of Allegheny*, 515 F.3d 224, 231 (3d Cir.2008). "This does not impose a probability requirement at the pleading stage, but instead simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary element." *Phillips*, 515 F.3d at 232, quoting *Twombly*, 550 U.S. at 556 n. 3.

See *Reisinger v. Luzerne County*, 2010 WL 1976821, *7 (M.D. Pa.); *Caldwell v. Luzerne County Corrections Facility Management*, 2010 WL 3191855, *6 (M.D. Pa. 8-11-10).

## V. Discussion.

1. *Consolidation of 1:CV-10-2299 and 1:CV-10-2300*

Rule 42(a) of the Federal Rules of Civil Procedure states that:

When actions involving a common question of
law or fact are pending before the court, it
may order a joint hearing or trial of any or all
the matters in issue in the actions consolidated;
and it may make such orders concerning proceedings
therein as may tend to avoid unnecessary costs
or delay.

The Plaintiffs' two Complaints have been reviewed, and as detailed above, we find that they involve common questions of law and fact. In fact, Plaintiffs' Complaints raise the exact same

discrimination claims against Family Dollar and its employees at its York, Pennsylvania, store based on an incident, not involving them or the Family Dollar Store, in which Deleanmus Bradley's husband was arrested and charged with a crime and placed in prison. The only difference in the two Complaints is that one alleged discrimination claim arose on or before October 5, 2010, and the other claim arose on October 18, 2010. Both Complaints appear to be civil rights actions, and they both also raise state law claims for intentional infliction of emotional distress ("IIED") and defamation. The Defendants are largely the same in both cases, except that Jenny Goodin is named as a Defendant in case 1:CV-10-2299 and Ron Wrin is named as a Defendant in 1:CV-10-2300. All of the other four Defendants are the same in both cases.

Accordingly, pursuant to Rule 42(a), we shall recommend that the above cases be ordered consolidated and that the matter proceed under Civil Action Number 1:CV-10-2299. *See Oliver v. Tennis*, 2008 WL 4755558 (M.D. Pa.); *James v. Wal-Mart*, 3:CV-08-1821, M.D. Pa.

As discussed below, we find that the Court lacks subject matter jurisdiction over Plaintiffs' actions.

### 2. Lack of Subject Matter Jurisdiction over Plaintiffs' Complaints

Plaintiffs do not specifically state the basis for this Court's jurisdiction in their Complaints. Plaintiffs do not base their Complaints on diversity jurisdiction under 28 U.S.C. §1332. However, as stated, Plaintiffs style their pleadings as civil rights actions under §1983. Plaintiffs aver that the conduct of the employees of the Family Dollar Store in York, Pennsylvania, by barring them from entering the store due to an incident involving Mr. Bradley in which he was arrested by police,

confined in prison and charged with a crime.[10]  Plaintiffs state that no charges were filed against them by police and that they were not with Mr. Bradley when the incident leading to his arrest occurred.  They also state that the crime Mr. Bradley is charged with did not involve the Family Dollar Store.  Plaintiffs allege that they were discriminated against by Defendants due to the arrest and imprisonment of Mr. Bradley, and  that this conduct violated their constitutionally rights, namely their Eighth Amendment right to be free from cruel and unusual punishment.

Insofar as Plaintiffs bring their actions under §1983 for alleged violations of their constitutional rights, as indicated above, they have not alleged any individual Defendant is a state actor and they have not alleged that the Family Dollar Store is a state agency.  Thus, Plaintiffs do not state any cognizable constitutional  claim under §1983 against any Defendant.  *See Stankowski v. Farley*, 487 F. Supp. 2d 543 (M.D. Pa.  2007); *Caldwell v. Luzerne County Corrections Facility Management*, 2010 WL 3191855, *7.  Further, Defendant Family Dollar store as a private corporation is not a state agency for purposes of §1983 liability.  *See Jacobowitz v. M&T Mortgage Corporation, 372* Fed. Appx. at 227 (M&T Mortgage Corp. was not a state agency).

Moreover, Plaintiffs fail to state an Eighth Amendment cruel and unusual punishment claim against Defendants in their Complaints since this prohibition applies to a criminal sentence and conditions of confinement in prison.  *See Caldwell v. Luzerne County Corrections Facility Management*, 2010 WL 3191855, *7.  In *Caldwell*, the Court stated that the "Eighth Amendment prohibits cruel and unusual punishment, which includes the unnecessary and wanton infliction of

---

[10]Plaintiffs state that even though Mr. Bradley is in prison, he has not been convicted of any crime.

pain by prison officials. The Eighth Amendment both restrains prison officials from applying excessive force against inmates, ..., and it imposes affirmative duties on prison officials to provide humane conditions of confinement, ... ." *Id*. (internal citations omitted). As discussed, Plaintiffs state that neither one of them was arrested and charged by police in the incident which lead to Mr. Bradley's arrest and imprisonment.

Simply stated, we find that Plaintiffs have not stated a cognizable discrimination claim and an Eighth Amendment claim under §1983 against Defendant Family Dollar Store and its employees who allegedly barred Plaintiffs from entering the store based on the arrest and imprisonment of Mr. Bradley.

Even if Plaintiffs' *pro se* pleadings are liberally construed as raising discrimination claims under Title II, they should be dismissed for lack of subject matter jurisdiction. *See Caldwell v. Luzerne County Corrections Facility Management*, 2010 WL 3191855, *7("When presented with a *pro se* complaint, the court should construe the complaint liberally and draw fair inferences from what is not alleged as well as from what is alleged.")(citations omitted).

In *Paschal v. Billy Beru, Inc.*, 2009 WL 89281, *1 (W.D. Pa.), the Court stated as follows:

Section 2000a(a) of Title 42 provides that:

> All persons shall be entitled to the full and equal enjoyment of the goods, services, facilities, privileges, advantages, and accommodations of any place of public accommodation, as defined in this section,

without discrimination or segregation on the ground of race, color, religion, or national origin.

42 U.S.C. § 2000a(a).[11]

To state a claim under Title II, a Plaintiff can allege that a place of public accommodation discriminated against her with respect to the full and equal enjoyment of goods and services based on her race, color, religion, or national origin. *Id.* at * 2.

In *Three Rivers Center for Independent Living v. Housing Authority of City,* 382 F.3d 412, 420 (3d Cir. 2004), the Third Circuit Court stated:

> "Congress explicitly provided a private remedy in Title II of the Civil Rights Act of 1964, for instance, a statute that prohibits discrimination in places of public accommodation on the basis of "race, color, religion, or national origin." 42 U.S.C. § 2000a. Title II provides that when someone has or is about to contravene its prohibition against discrimination, "a civil action for preventive relief, including an application for a permanent or temporary injunction, restraining order, or other order, may be instituted by the person aggrieved." 42 U.S.C. § 2000a-3(a). "

> "Congress may also circumscribe a private right of action that it creates. It may limit, for example, the type of relief available to a plaintiff. *Compare* 42 U.S.C. § 2000a-3(a) (limiting remedies available for violations of Title II of the Civil Rights Act of 1964 to injunctive relief) ... ." *Id*.

Title II, § 2000a-3(c), requires a Plaintiff to first seek relief against the Defendant from the appropriate State agency since there was a Pennsylvania State law prohibiting discriminatory conduct by a Defendant which is actionable under Title II. Like Title II, Pennsylvania law prohibits places of public accommodation from discriminating against an individual in the full and equal access to goods and services on the basis of race, color, religion, or national origin. See 43 Pa. Stat.

---

[11]There is no question that Defendant Family Dollar Store is a place of public accommodation.

Ann. § 953. The PHRC was established, in part, to grant relief for public accommodations discrimination. *See* 43 Pa. Stat. Ann. §956. *See James v. Wal-Mart*, Civil No. 08-1821, M.D. Pa.

In *Stephens v. Seven Seventeen HB Phila. Corp.*, 2001 WL 33464, *1, n. 1 (E. D. Pa.), the Court stated, [b]y statute, Pennsylvania prohibits discrimination in places of public accommodation, 43 Pa. Stat. Ann. § 953. It established the Pennsylvania Human Relations Commission [PHRC], in part, to grant relief for public accommodations discrimination, 43 Pa. Stat. Ann. § 956." If a Plaintiff is not satisfied with the relief available *via* the PHRC, she could then file an action in federal court after thirty (30) days.

Section 2000a-3(c) provides as follows:

c) State or local enforcement proceedings; notification of State or local authority; stay of Federal proceedings

In the case of an alleged act or practice prohibited by this subchapter which occurs in a State, or political subdivision of a State, which has a State or local law prohibiting such act or practice and establishing or authorizing a State or local authority to grant or seek relief from such practice or to institute criminal proceedings with respect thereto upon receiving notice thereof, no civil action may be brought under subsection (a) of this section before the expiration of thirty days after written notice of such alleged act or practice has been given to the appropriate State or local authority by registered mail or in person, provided that the court may stay proceedings in such civil action pending the termination of State or local enforcement proceedings.[12]

Thus, § 2000a-3(c) provides that if the State has a law prohibiting places of public accommodation from discriminating against an individual in the full and equal access to goods and services on the basis of race, color, religion, or national origin, and authorizes the State authority

---

[12]*See also Stephens v. Seven Seventeen HB Phila. Corp.*, 2001 WL 33464, *1, n. 1.

to grant relief from such a practice, or the State has a law authorizing a State or local authority to institute criminal proceedings with respect to such practice, then no civil action can be brought under § 2000a(a) before the expiration of thirty (30) days after written notice of such practice has been given to the appropriate State or local authority.

Initially, Bradley Plaintiffs do not allege that they were denied full and equal access to goods and services by Defendant Family Dollar Store and its employees on the basis of their race, color, religion, or national origin. Rather, they clearly allege that the basis of the discrimination against them by Defendants and the basis of Defendants barring them from entering the store was due to the fact that Mr. Bradley was arrested and accused of a crime, and confined in prison.[13] Thus, Plaintiffs do not state a claim of discrimination against Defendants under Title II. Even if the *pro se* Plaintiffs were allowed to amend their pleadings with respect to a Title II claim, we find futility of any amendment since it does not appear that they complied with § 2000a-3(c) by first seeking relief from the PHRC before they filed this action against Defendants with this federal Court as required.

Section 2000a-3(c)'s 30-day state notice requirement applies to the present actions to the extent they are construed as raising Title II claims. Pennsylvania has established a State agency to correct claims of discrimination based on race, color, religion, or national origin in places of public accommodation, namely, the PHRC, and Plaintiffs do not state that they filed a claim against

---

[13]Mrs. Bradley admits that the police inquired in the Family Dollar Store if they saw her and her husband together at certain times as part of their investigation into the incident which lead to Mr. Bradley's arrest.

17

Defendant Family Dollar Store with this agency. Thus, the PHRC was not afforded the opportunity to remedy the matter if it was based on race, color, religion, or national origin.

Therefore, if the present Complaints are deemed as alleging discrimination against Plaintiffs by Defendant Family Dollar Store based on race, color, religion, or national origin, Plaintiffs must comply with § 2000a-3(c) by first seeking relief from the PHRC before they file these actions against Defendant Family Dollar Store with this Court. Thus, Plaintiffs must comply with the notice prerequisite before instituting suit against Defendant Family Dollar Store under Title II. Accordingly, it would be futile to allow Plaintiffs leave to amend their Complaints to properly state Title II discrimination claims unless they exhausted their remedies with the PHRC before they filed these actions in federal court.[14]

As discussed, we find no basis for federal jurisdiction with respect to Plaintiffs' Complaints. We find that Plaintiffs have failed to state any cognizable constitutional claim against Defendants. Accordingly, we will recommend that Plaintiffs' constitutional claims in both Complaints be dismissed.

3. *State Law Claims*

We will also recommend that the Court decline to exercise supplemental jurisdiction over Plaintiffs' state law IIED and defamation claims since we find that their federal claims fail to state any cognizable right to relief. *See* 28 U.S.C. § 1367(c)(3); *Verdecchia v. Prozan,* 274 F. Supp. 2d 712, 728 (W.D. Pa. 2003); *Gardner v. Luzerne County*, 645 F. Supp. 2d at 343-44(since federal

---

[14]Since Plaintiffs' claims arose on or about October 5, 2010 and October 18, 2010, it is apparent from their pleadings that they could not have exhausted their remedies with the PHRC prior to filing their November 5, 2010 actions with this Court.

claims were dismissed, the court declined to exercise supplemental jurisdiction over the state law claims.); *Starr v. Price*, 385 F. Supp.2d 502, 513 (M.D. Pa. 2005).[15]

## VI. Recommendation.

Based on the above, it is respectfully recommended that Plaintiffs' Motions to Proceed *in forma pauperis* be granted solely for the purpose of filing these actions. It is also recommended that, pursuant to Rule 42(a), Civil Action Number 1:CV-10-2300 be consolidated into Civil Action No. 1:CV-10-2299, and that Civil Action No. 1:CV-10-2300 be closed. It is recommended that the matter proceed under Civil Action Number 1:CV-10-2299. Further, it is recommended that this case be dismissed with prejudice as against all Defendants with respect to Plaintiffs' constitutional claims under § 1983 for failure to state a claim against Defendants. Additionally, it is recommended that, to the extent Plaintiffs are deemed as raising discrimination claims under Title II, they be dismissed with prejudice. Finally, it is recommended that the Court decline to exercise supplemental jurisdiction over Plaintiffs' state law claims since we find that their federal claims fail

---

[15]Under Pennsylvania law, to state an IIED claim "Defendants' conduct must be 'so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community.'" *Hines v. Proper*, 442 F. Supp. 2d 216, 224 (M.D. Pa. 2006) citing Restatement Second of Torts §46, comment (d)(1965). "In addition, Pennsylvania requires that competent medical evidence support a claim of alleged intentional infliction of emotional distress." *Id*. (citation omitted).

We note that in our cases, as stated above, Plaintiffs requests as relief in case #10-2300 their "medical expenses occurred from the visits to the psychological physicians **we will see** concerning the pain and suffering we feel as being called outcasts" be Defendants. (Doc. 1, p. 3)(emphasis added). Plaintiffs do not state that they have in fact sought treatment from any medical professional regarding their alleged mental anguish caused by Defendants. In fact, Plaintiffs make clear that they have not yet sought any treatment for their alleged mental anguish.

to state any cognizable right to relief and that their federal claims should be dismissed with prejudice.[16]


 

 

          **s/ Thomas M. Blewitt**
          **THOMAS M. BLEWITT**
          **United States Magistrate Judge**

**Dated: November 18, 2010**

---

[16]Pursuant to our above discussion, we find futility of any amendment of Plaintiffs' federal claims against Defendants, and we shall not recommend Plaintiffs be granted leave to amend their pleadings with respect to these claims. *See Forman v. Davis*, 371 U.S. 178, 182 (1982); *Shane v. Fauver*, 213 F.3d 113, 115 (3d Cir. 2000) (The futility exception means that a complaint, as amended, would fail to state a claim upon which relief can be granted); *Alston v. Parker*, 363 F. 3d 229, 235 (3d Cir. 2004); *Conway v. King Pharmaceuticals, Inc.*, 2008 WL 4128088, *2 (M.D. Pa.); *Caldwell v. Luzerne County Corrections Facility Management*, 2010 WL 3191855, *7.

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

DELAEANMUS M. BRADLEY and　　　:
ENISHIA BRADLEY,　　　　　　　:　　　CIVIL ACTION NO. **1:CV-10-2299**
　　　　　　　　　　　　　　　　:
　　　　　　Plaintiffs　　　　　:　　　(Judge Conner)
　　　　　　　　　　　　　　　　:
　　　　v.　　　　　　　　　　　:　　　(Magistrate Judge Blewitt)
　　　　　　　　　　　　　　　　:
FAMILY DOLLAR, INC., et al.,　　:
　　　　　　　　　　　　　　　　:
　　　　　　Defendants　　　　　:

-------------------------------------------------------------------------------------------------

DELAEANMUS M. BRADLEY and　　　:
ENISHIA BRADLEY,　　　　　　　:　　　CIVIL ACTION NO. **1:CV-10-2300**
　　　　　　　　　　　　　　　　:
　　　　　　Plaintiffs　　　　　:　　　(Judge Conner)
　　　　　　　　　　　　　　　　:
　　　　v.　　　　　　　　　　　:　　　(Magistrate Judge Blewitt)
　　　　　　　　　　　　　　　　:
FAMILY DOLLAR, INC., et al.,　　:
　　　　　　　　　　　　　　　　:
　　　　　　Defendants　　　　　:

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

## **NOTICE**

　　　　**NOTICE IS HEREBY GIVEN** that the undersigned has entered the foregoing

**Report and Recommendation** dated **November 18, 2010.**

　　　　Any party may obtain a review of the Report and Recommendation pursuant to

Rule 72.3, which provides:

　　　Any party may object to a magistrate judge's proposed findings,
　　　recommendations or report addressing a motion or matter described in

28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within ten (10) days after being served with a copy thereof. Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections. The briefing requirements set forth in Local Rule 72.2 shall apply. A judge shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record. The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

**s/ Thomas M. Blewitt**
**THOMAS M. BLEWITT**
**United States Magistrate Judge**

**Dated: November 18 , 2010**